## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICOLE TAYLOR,                    )
                                  )
             Plaintiff,           )
     v.                           )        Civil Action No. 12-12-SLR-SRF
                                  )
UNITED STATES OF AMERICA,         )
                                  )
             Defendant.           )

## MEMORANDUM OPINION

### I.    INTRODUCTION

Pending before the court in this matter is a Motion to Withdraw as Plaintiff's Counsel (D.I. 22) filed by S. Harold Lankenau ("Plaintiff's Counsel"). For the reasons which follow, the Motion to Withdraw as Plaintiff's Counsel is **DENIED**.

### II.   BACKGROUND

This trip and fall action was brought by Nicole Taylor (the "Plaintiff") against the United States (the "Defendant") on January 5, 2012. (D.I. 1) Plaintiff's Complaint alleges that on June 2, 2009, she tripped and fell from a broken curb in the parking area of the United States Post Office on Lancaster Avenue in Wilmington, Delaware. (*Id.* ¶¶ 4-6)

Plaintiff's claim against the Defendant arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA is the exclusive remedy for damages for personal injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." § 2679(b)(1).

This matter was referred to the court by District Judge Sue L. Robinson to hear and resolve all pretrial motions up to and including the pretrial conference. (D.I. 3) The court entered a scheduling order setting a discovery cut off of March 25, 2013. (D.I. 10) The pretrial

conference is scheduled for July 15, 2013, and a two day bench trial before Judge Robinson begins on August 13, 2013. (D.I. 14)

Plaintiff's Counsel filed the pending motion, along with a supporting memorandum (collectively, the "Motion" or "Motion to Withdraw") on January 23, 2013. (D.I. 22, 23) In those submissions, Plaintiff's Counsel argues that "there has been a breakdown in the attorney-client relationship." (D.I. 23 ¶ 4) The Defendant opposes the withdrawal of Plaintiff's Counsel on the basis that it would adversely affect the efficient administration of justice. (D.I. 25 at 3) The Defendant maintains it would be prejudiced by withdrawal this close to trial. (*Id.* at 4)

On April 8, 2013, the court held a hearing regarding the Motion to Withdraw. Plaintiff's Counsel represented at the hearing that the Plaintiff does not object to his Motion. However, the Plaintiff, individually, stated at the hearing that she opposes her counsel's withdrawal. Thereafter, on April 10, 2013, the Defendant moved for leave to file a motion for summary judgment. (D.I. 33)

## III.   LEGAL STANDARD

This court's Local Rule 83.7, titled "Substitution and Withdrawal of Attorney," provides that:

> An attorney may withdraw an appearance for a party without the Court's permission when such withdrawal will leave a member of the Bar of this Court appearing as counsel of record for the party. Otherwise, no appearance shall be withdrawn except by order on a motion duly noticed to each party and served on the party client, at least 14 days before the motion is presented, by registered or certified mail addressed to the client's last known address.

D. Del. LR 83.7. "When a motion to withdraw is filed, and substitute counsel has not entered an appearance on the affected party's behalf, the decision as to whether to allow counsel to withdraw its representation is within the discretion of the Court." *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986).

2

In *Worldspan, L.P. v. Ultimate Living Grp., LLC*, 2006 WL 1046942 (D. Del. Apr. 20, 2006), this court set out a list of factors to be considered in ruling upon a motion to withdraw where, as here, the affected party is an individual: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of withdrawal on the efficient administration of justice. *Worldspan*, 2006 WL 1046942, at *1. "A court may also consider the effect of withdrawal on communications between the litigants and the Court." *Id.* (citing *Ohntrup*, 802 F.2d at 679).

The District of Delaware has adopted the American Bar Association's Model Rules of Professional Conduct ("Model Rules"). *See* D. Del. LR 83.6(d);[1] *Apeldyn Corp. v. Samsung Elecs. Co.*, 660 F. Supp. 2d 557, 561 (D. Del. 2009). Model Rule 1.16, which relates to declining or terminating representation, provides that:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . .
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Model Rule 1.16(b), (c).

## IV.    DISCUSSION

### A. Reasons Why Withdrawal is Sought

---

[1] Local Rule 83.6(d) provides:

> Subject to such modifications as may be required or permitted by federal statute, court rule, or decision, all attorneys admitted or authorized to practice before this Court, including attorneys admitted on motion or otherwise, shall be governed by the Model Rules of Professional Conduct of the American Bar Association ("Model Rules"), as amended from time to time.

D. Del. LR 83.6(d).

Plaintiff's Counsel claims that he cannot "effectively represent a client who will not communicate with counsel and insists on communicating with the defendant without counsel." (D.I. 27 at 1) Plaintiff's Counsel also asserts that there has been a breakdown in the attorney-client relationship. (*Id.*) The Plaintiff filed with the court a collection of letters to her counsel and to opposing counsel. (D.I. 32) While the letters illustrate some tension and frustration in the attorney-client relationship between the Plaintiff and Plaintiff's Counsel, the court is not persuaded that the relationship is irretrievably harmed and would be ineffective going forward. *See Sharp v. Verizon Del. Inc.*, 2012 WL 6212615, at \*3 (D. Del. Dec. 12, 2012) (explaining, "while a difference of opinion between counsel and client is not a compelling reason for withdrawal," this court has found that good cause exists to grant an attorney's motion to withdraw where "the attorney/client relationship has become irretrievably harmed." (citation omitted)); *Turner v. First Corr. Med.*, 2012 WL 2061712, at \*1 (D. Del. June 7, 2012) (granting motion to withdraw where the attorney/client relationship was "irretrievably broken"). Concerns regarding communication between the Plaintiff and Plaintiff's Counsel were addressed with the Plaintiff at the hearing and the Plaintiff provided a post office box address, email address, and telephone number where her attorney can contact her about matters relating to the case.

### B. Prejudice that Withdrawal May Cause to the Litigants

The withdrawal of Plaintiff's Counsel at the current stage of the case is likely to prejudice both parties in this matter. "When courts have denied such motions due in part to the state of the case schedule, it has almost uniformly been because the motion to withdraw was made at or near trial . . . ." *Sharp*, 2012 WL 6212615, at \*4. *See, e.g.*, *Carter v. City of Philadelphia*, 2000 WL 537380, at \*2 (E.D. Pa. Apr. 25, 2000) (denying motion to withdraw, in part, because if the motion were granted, plaintiff would be forced to try the case *pro se* "five weeks from today");

4

*Chester v. May Dep't Store*, 2000 WL 12896, at *1 (E.D. Pa. Jan. 7, 2000) (denying motion to withdraw, in part, because "all discovery and pretrial proceedings [had] concluded," and the case was on the eve of trial); *Rusinow v. Kamara*, 920 F. Supp. 69, 72 (D.N.J. 1996) (denying motion in part because counsel had litigated the case on behalf of plaintiffs for two years and trial was less than two weeks away); *Mervan v. Darrell*, 1994 WL 327626, at *1-2 (E.D. Pa. July 8, 1994) (denying motion where trial date was scheduled for less than two months from date of denial). In the present case, the trial date of August 13, 2013 is less than four months away, which weighs against granting the Motion to Withdraw.

In addition, it is unlikely the Plaintiff would be able to retain substitute counsel this close to the trial date. The court "is cognizant of the difficulties that a *pro se* plaintiff can face in litigating a civil case; *this can be considered a real prejudice that Plaintiff would suffer* if the Motion [to withdraw] was granted and if [s]he was not thereafter able to obtain substitute counsel." *Sharp*, 2012 WL 6212615, at *4 (emphasis added) (citing *Carter*, 2000 WL 537380, at *2; *Mervan*, 1994 WL 327626, at *1-2). Here, withdrawal of Plaintiff's Counsel would leave the Plaintiff to complete on her own the pretrial stipulation governing the course of the trial. The Plaintiff would be required to arrange for the trial appearance of any medical expert she intends to call in support of her damages. Furthermore, if the court grants leave for the Defendant to file a case dispositive motion, the Plaintiff would be forced respond to such a motion *pro se*. Therefore, requiring the Plaintiff to proceed *pro se*, without the advice and assistance of counsel, would prejudice the Plaintiff, and would likely hinder the efficient process of the case towards its trial date.

The withdrawal of Plaintiff's Counsel would also prejudice the Defendant. The Defendant opposes the Motion to Withdraw, in part, because the Plaintiff "has been an

5

intractable litigant." (D.I. 25 at 3) For example, the Defendant has had difficulty obtaining discovery from the Plaintiff, which ultimately led to the court entering an Order (D.I. 31) compelling the Plaintiff's discovery responses. Furthermore, decisions from courts in this Circuit suggest that prejudice is likely to exist where one party objects in good faith to the withdrawal of opposing counsel. *See, e.g.*, *Sharp*, 2012 WL 6212615, at *5 (finding no prejudice where the defendant did not oppose withdrawal of plaintiff's counsel); *Magargal v. New Jersey*, 2011 WL 5526077, at *2 (D.N.J. Nov. 14, 2011) (finding that allowing withdrawal of plaintiff's counsel would not prejudice defendants, where defendants did not indicate any objection to motion).

## C. Delay in Resolution of the Case That Would Result from Withdrawal

The parties are now less than four months from trial. As discussed previously, it is unlikely that the Plaintiff could timely secure new counsel or that new counsel would be prepared to go to trial as presently scheduled. If withdrawal of Plaintiff's Counsel is permitted, it would inevitably delay the bench trial that is scheduled to commence in August. The Plaintiff would be required to complete her portion of the pretrial order, in compliance with D. Del. LR 16.3(c), without the assistance of counsel, appear at the pretrial conference scheduled for July 15, 2013, and present her case at trial on August 13, 2013. The circumstances are such that "the grant of the Motion will directly impact pending litigation events" and "interfere with trial preparations." *Sharp*, 2012 WL 6212615, at *5.

## D. Effect of Withdrawal on the Efficient Administration of Justice

The withdrawal of Plaintiff's Counsel would negatively impact the efficient administration of justice if the Plaintiff is unable to obtain new counsel. "Courts have understandably found that were a plaintiff unable to obtain new counsel and required to litigate [her] case on [her] own behalf, the grant of a motion to withdraw could have an impact on the

6

efficient administration of justice." *Sharp*, 2012 WL 6212615, at *5 (citing *Carter*, 2000 WL 537380, at *2; *Chester*, 2000 WL 12896, at *1; *Mervan*, 1994 WL 327626, at *1-2). Requiring the Plaintiff to litigate this action on her own behalf would make it reasonably unlikely that the case would be properly prepared for the bench trial as scheduled. Therefore, this factor weighs against granting the Motion to Withdraw.

### E. Effect of Withdrawal on Communication Between Litigants and the Court

Permitting Plaintiff's Counsel to withdraw would leave the court without a reliable mechanism for responsible supervision of Plaintiff's communications with the Defendant and this court. Courts "have been disinclined to permit withdrawal in circumstances where the party affected has been 'an intractable litigant.'" *Sharp*, 2012 WL 6212615, at *6 (quoting *Worldspan*, 2006 WL 1046942, at *1). *See also Ohntrup*, 802 F.2d at 679 (upholding denial of motion to withdraw, in part, because affected party had been an "intractable litigant"). Here, the Defendant maintains the Plaintiff "has been an intractable litigant" (D.I. 25 at 3) based the Plaintiff's lack of cooperation with discovery requests, and the demeanor Plaintiff exhibited during her deposition. (D.I. 26, Ex. 1) The record demonstrates a basis for the Defendant's concern about the ability to communicate with Plaintiff in the absence of Plaintiff's Counsel. Therefore, this factor weighs against granting the Motion to Withdraw.

### V.   CONCLUSION

For the foregoing reasons, the balance of the *Worldspan* factors weigh against granting the Motion to Withdraw. Thus, it is hereby ORDERED that the Motion is **DENIED**.

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order in Non-Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 7, 2013

Sherry R. Fallon
United States Magistrate Judge