IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOLE TAYLOR, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Civil Action No. 12-12-SLR-SRF |

### REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

Pending before the court in this matter is a Motion for Summary Judgment filed by the Defendant, United States of America (the "Defendant"). (D.I. 36) The Plaintiff, Nicole Taylor ("Plaintiff"), opposes the Defendant's Motion. For the reasons which follow, I recommend that the court **GRANT** the Defendant's Motion for Summary Judgment.

**II.   BACKGROUND**

**A. Procedural Background**

Plaintiff filed this trip and fall action against the Defendant on January 5, 2012. (D.I. 1) Plaintiff's claim arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA is the exclusive remedy for damages for personal injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." § 2679(b)(1).

This matter was referred to the court by District Judge Sue L. Robinson to hear and resolve all pretrial motions up to and including the pretrial conference. (D.I. 3) The court entered a Scheduling Order setting a discovery cut off of March 25, 2013. (D.I. 10) The pretrial

conference is scheduled for July 15, 2013, and a two day bench trial[1] before Judge Robinson is scheduled for August 13, 2013. (D.I. 14)

On April 8, 2013, the court entered an oral Order permitting the parties to submit letters requesting and/or opposing leave to file case dispositive motions.[2] On April 10, 2013, the Defendant submitted a letter to the court seeking leave to move for summary judgment. (D.I. 33) Plaintiff did not seek leave to file a case dispositive motion, and did not respond to the Defendant's request. The court granted the Defendant's request and set a briefing schedule on May 7, 2013. (D.I. 35) The Defendant filed the pending Motion for Summary Judgment on May 24, 2013. (D.I. 36)

**B. Factual Background**

On June 2, 2009, Plaintiff went to the United States Post Office ("Post Office") on Lancaster Avenue in Wilmington, Delaware to check for mail in her Post Office box. (D.I 1 ¶¶ 4-6; D.I. 39, Ex. A at 67) After exiting the Post Office, Plaintiff walked to her car, which she parked in the Post Office's parking lot. While stepping from the sidewalk to the parking lot, Plaintiff encountered a curb with a worn or chipped edge, and a depression in the parking lot surface. Allegedly, as a result of the worn curb and depression, Plaintiff fell, sustaining injuries to her right ankle, and internal injuries "of an unknown nature." (D.I. 1, ¶¶ 5, 10) Plaintiff alleges that the worn curb edge and parking lot depression, together, are a dangerous condition, and the Defendant was negligent in failing to inspect, repair, and warn of the condition. (*Id.* ¶ 9) Plaintiff

---

[1] Jury trials are not authorized in actions, such as the present matter, brought under 28 U.S.C. § 1346(b). *See* 28 U.S.C. § 2402 ("[A]ny action against the United States under section 1346[(b)] shall be tried by the court without a jury . . . .").

[2] The Scheduling Order did not provide for case dispositive motions. (*See* D.I. 10 ¶ 10)

seeks compensatory damages, including emotional distress and pain and suffering, special damages, and costs. (*Id.* at 4)

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

## IV. DISCUSSION

Viewing the facts in the light most favorable to the nonmoving party, the court finds there is no genuine issue of material fact in dispute, and the facts permit a reasonable person to draw but one inference. A depression in a parking lot next to a curb that has a worn edge is not a dangerous condition. Even if it could be considered dangerous, the condition would be obvious to a person of ordinary care and prudence. Therefore, summary judgment should be granted for the Defendant.

### A. Dangerous Condition

Under Delaware law, "a property owner owe[s] to a business invitee, i.e., a person on the premises at the express or implied invitation of the owner to render a benefit or service, the duty to make the premises reasonably safe." *DiOssi v. Maroney*, 548 A.2d 1361, 1365 (Del. 1988) (citing *Hamm v. Ramunno*, 281 A.2d 601 (Del. 1971)). Therefore, a property owner is subject to liability for physical harm caused to his invitees by a condition on the land if the property owner:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*DiOssi*, 548 A.2d at 1366 (quoting Restatement (Second) of Torts § 343).

In an action for personal injuries resulting from a property owner's breach of the duty to keep his premises reasonably safe, the plaintiff must show that: (1) "there was a condition [on the defendant's premises] of a dangerous or defective nature," (2) the "condition caused the injuries complained of," and (3) "the condition or defect causing the injury was . . . permitted to remain after notice of its existence had come or should have come to the attention of the defendant." *Howard v. Food Fair Stores, New Castle, Inc.*, 201 A.2d 638, 640 (Del. 1964).

4

"Conversely, to support a motion for summary judgment the defendant must offer proof negating that showing." *Id.*

In the present case, no reasonable person could conclude that there was a dangerous condition on the Defendant's premises and, therefore, the court should grant the Defendant's Motion for Summary Judgment. It is undisputed that Plaintiff was a business invitee at the time of the alleged fall because she was on the Defendant's premises for the purpose of checking her Post Office box. (D.I. 39, Ex. A at 67) Thus, the Defendant owed Plaintiff a duty to keep the premises reasonably safe. *See DiOssi*, 548 A.2d at 1365. Plaintiff claims the Defendant breached that duty by "permitting a dangerous condition to exist" (D.I. 1 ¶ 9), namely, a "depression/pothole directly adjacent to a crumbling curb" (D.I. 39 at 2).[3] The allegedly dangerous condition is depicted in photographs that Plaintiff produced in discovery (D.I. 38, Ex. C; *Id.*, Ex. D ¶ 9) and submitted as an exhibit to her brief in opposition of the pending Motion (D.I. 39, Ex. B).

Viewing the photographs in the light most favorable to Plaintiff, no reasonable person could conclude that the condition depicted is dangerous, such that it "involves an unreasonable

---

[3] Plaintiff describes her fall and the allegedly dangerous condition as follows:
> [W]hen I walked out, I took my foot off the sidewalk and I stepped into a pothole in the car parking lot of the post office. I tried to catch my fall and I twisted my leg. And right where the pothole is, there's -- the sidewalk is all chewed off, the sidewalk on the curb is chewed off.

(D.I. 39, Ex. A at 67-68).
> The curb should have been completely done. It wasn't completely done, because that's probably when I fell, I probably fell off of that. I'm thinking I had when I stepped off the sidewalk, I probably stepped and just went like that, and then I landed into the pothole. That made it worser. Then I tried to turn because I didn't want to fall on top of the newborn baby I just had, which is Julio. And then I couldn't. And I tripped on that little handicap thing that was differential. The little stoop, whatever you want to say, stoop, street, whatever, the little sidewalk that they have there for handicap people.

(D.I. 38, Ex. B at 72-74).

risk of harm."[4] *See DiOssi*, 548 A.2d at 1366 (citing Restatement (Second) of Torts § 343). The photographs, at best, depict a curb with a chipped or slightly worn edge that abuts a shallow depression in a parking lot surface. This does not represent a dangerous condition.[5] *See generally Polaski v. Dover Downs, Inc.*, 2012 WL 329178 (Del. Aug. 14, 2012).

---

[4] Below is one of the photographs, submitted by Plaintiff, which shows the allegedly dangerous condition. (D.I. 38, Ex. C at P-NTAYLOR000107) Although the photograph depicts liquid collected in the parking area, the parties agree that the parking area was dry on June 2, 2009, when Plaintiff fell. (D.I. 37, Ex. A at 104)



[5] Even if the worn curb edge and shallow depression in the parking lot surface created a dangerous condition, summary judgment would still be proper in the context of Plaintiff's failure to warn claim because the purported dangerous condition would be obvious to a person of ordinary care and prudence. *See Polaski*, 2012 WL 329178, at *2. Under Delaware law,
> there is no duty upon the [property] owner to warn an invitee of a dangerous condition which is obvious to a person of ordinary care and prudence. . . . Thus, if a danger is so apparent that the invitee can reasonably be expected to notice it and protect against it, the condition itself constitutes adequate warning.

*Niblett v. Pa. R.R. Co.*, 158 A.2d 580, 582 (Del. Super. Ct. 1960). *See also Upshur v. Bodie's Dairy Mkt.*, 2003 WL 21999598, at *2 (Del. Super. Ct. Jan. 22, 2003); *Horton v. Lempesis*, 1992 WL 19986, at *2 (Del. Super. Ct. Jan. 28, 1992). Here, the photographs submitted by Plaintiff demonstrate that the curb was brightly marked with yellow paint, and the wear to the curb's edge was plainly visible through its distinguishable contour, texture, and color. The shallow depression in the parking lot surface was equally conspicuous. Thus, the condition itself was so apparent that it constitutes adequate warning.

In her testimony, Plaintiff does not establish any causal connection between the worn curb and her fall. She never mentions stepping on the curb. Rather, Plaintiff states that she stepped from the sidewalk into the depression, which she characterizes as a "pothole." (D.I. 39, Ex. A at 67-68)

Furthermore, while "Delaware recognizes businesses have a duty to keep public walking areas in a reasonably safe condition for customers[,] . . . *a business' duty to properly maintain walking areas does not exempt customers from exercising reasonable care while walking.*" *Polaski*, 2012 WL 329178, at *1 (emphasis added) (citing *Walker v. Shoprite Supermarket, Inc.*, 2004 WL 3023089, at *2 (Del. Oct. 7, 2004)). "'A person is under the affirmative obligation to watch where he or she is walking, to exercise the sense of sight in a careful and intelligent manner to observe what a reasonable person would see.'" *Walker*, 2004 WL 3023089, at *2 (quoting *Winkler v. Del. State Fair, Inc.*, 1992 WL 53412, at *2 (Del. Feb. 20, 1992)).

In sum, no evidence exists from which a reasonable person could conclude that a dangerous condition on the Defendant's premises caused Plaintiff to fall. Therefore, the court should grant the Defendant's Motion for Summary Judgment.

## B. Negligence

As a preliminary matter, the court recognizes that Delaware state courts generally reserve questions of negligence for the jury.[6] *See, e.g., Polaski*, 2012 WL 3291783, at *1; *Wootten v.*

---

[6] Although Delaware state courts generally reserve questions of negligence for the jury, their approach is not without exception. *See, e.g., Polaski*, 2012 WL 3291783, at *1 ("If a reasonable person could only draw one inference from the facts, judges may find a defendant not negligent as a matter of law, even though the existence of negligence is typically an issue for the jury." (citing *Wooten*, 226 A.2d at 239)); *Yankanwich v. Wharton*, 460 A.2d 1326, 1331 (Del. 1983) ("Issues concerning contributory negligence are ordinarily questions reserved for the trier of fact. Only when the undisputed material facts can lead to only one conclusion, that the plaintiff was negligent, can the Trial Court find contributory negligence as a matter of law." (citations omitted)).

*Kiger*, 226 A.2d 238, 239 (Del. 1967). Nevertheless, federal summary judgment standards apply to the court's determination in this matter. *See Lavin v. New York News, Inc.*, 757 F.2d 1416, 1418-19 (3d Cir. 1985) (explaining that "the standards for granting summary judgment pursuant to Fed. R. Civ. P. 56 are matters of federal law"). Moreover, a jury trial is statutorily precluded in this FTCA action.[7]

Even if Plaintiff could demonstrate a dangerous condition on the Defendant's premises, summary judgment would still be proper because Plaintiff was negligent as a matter of law.

Under Delaware's modified comparative negligence statute, where a plaintiff is negligent, and such negligence is greater than that of the defendant, the plaintiff is barred from recovery. *See* 10 Del. C. § 8132; *see also In re Asbestos Litig. Pusey Trial Grp.*, 669 A.2d 108, 112 (Del. 1995) ("[I]f the plaintiff's contributory negligence is 51% or greater, it is an absolute bar to recovery.").

In the present matter, even when viewing the facts in the light most favorable to the Plaintiff, the only inference reasonably drawn is that Plaintiff fell as result of her own negligence. There is specific testimony by Plaintiff that she was not looking where she was walking at the time she fell:

> Q: You remember how wide the [pot]hole was?
> A: Yes. I know I remember that. Because I looked, I looked down on the ground after I fell.
> Q: Did you look at the ground before you fell?
> A: No. Because I had my baby in my arms. I'm paying attention to a newborn baby. I'm not looking down. I'm paying attention to him. He's in front of me. So when I fell, I wanted to see what caused me to fall. After I fell, I had felt all that pain, I looked down on the ground and I see the sinkhole and I see the chipped sidewalk. And I'm like oh, okay, that's probably how I fell.

(D.I. 38, Ex. A at 72) Plaintiff further testified that she would have seen the alleged dangerous

---

[7] *See supra* note 1.

condition had she been looking where she was walking. (*See id.*, Ex. A at 95, 114-15)

It is clear that at the time Plaintiff fell she was not exercising the requisite care for her own protection. The Supreme Court of Delaware has held that

> [i]t is negligent for a patron not to see what is plainly visible when there is nothing to obscure his or her view.[8] "A person is under the affirmative obligation to watch where he or she is walking, to exercise the sense of sight in a careful and intelligent manner to observe what a reasonable person would see."

*Walker*, 2004 WL 3023089, at *2 (quoting *Winkler*, 1992 WL 53412, at *2). *See also McFadden v. Del. Racing Ass'n*, 2007 WL 2677132, at *3 (Del. Super. Ct. Sept. 13, 2007) (discussing the requirement of paying attention when approaching a curb). Therefore, the court should grant the Defendant's Motion for Summary Judgment because the uncontroverted evidence would lead any reasonable person to conclude that Plaintiff was primarily responsible for her fall.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court grant the Defendant's Motion for Summary Judgment.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. Appx. 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

---

[8] Plaintiff does not claim that anything obscured her view on the day she fell. In fact, it seems Plaintiff conceded that her visibility was not inhibited. (*See* D.I. 38, Ex. A at 115)

9

The parties are directed to the court's Standing Order in Non-Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: July 12, 2013

/s/ Sherry R. Fallon
Sherry R. Fallon
United States Magistrate Judge